IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KELLY JO SUTER, Ph.D. | § | |
|    *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | No. 10-CV-692-OLG |
| THE UNIVERSITY OF TEXAS AT | § | |
| SAN ANTONIO, GEORGE PERRY, Ph.D., | § | |
| JAMES M. BOWER, Ph.D. | § | |
| MATTHEW J. GDOVIN, Ph.D., | § | |
| ROBERT W. GRACY, Ph.D., | § | |
| J. AARON CASSILL, Ph.D., and | § | |
| EDWIN J. BAREA-RODRIGUEZ, Ph.D. | § | |
|    *Defendants* | § | |

PLAINTIFF'S MOTION FOR RECUSAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Kelly Jo Suter, Ph.D., Plaintiff herein and files this Motion For Recusal and in support hereof respectfully shows the court as follows:

1. Plaintiff moves to recuse United States District Judge Orlando Garcia from presiding over this case pursuant to 28 U.S.C. §455(a) because Plaintiff believes that Judge Garcia's impartiality might reasonably be questioned. Disqualification of a Judge is required when an objective observer would entertain reasonable questions about the judge's impartiality. When a Judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified. See Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). "It is important that the litigant not only actually receive justice, but that (s)he believes that (s)he has received justice." See Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972). Affirmative proof that a judge is partial is not required, only the appearance of impartiality. See

Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988).  § 455(a) is not intended to protect litigants from actual bias, rather it is intended to promote public confidence in the impartiality of the judicial process. See United States v. Balistrieri, 779 f.2d 1191 (7th Cir. 1985).

2.  Section 455(a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned."  See United States v. Avilez-Reyes, 160 F.3d 258 (5th Cir. 1998). Since the goal of §455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. See id citing Hall v. Small Business Admin., 695 F.2d 175, 178 (5th Cir. 1983).  The standard is an objective one; "if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality," then recusal is warranted. See id citing Liljeberg, 796 F.2d 796, 800 (5th Cir. 1986), *aff'd*, 486 U.S. 847 (1988).

3.  In this case, a reasonable person aware of the following circumstances would harbor doubt about Judge Garcia's impartiality:  Judge Garcia has accepted gifts from the University of Texas system in the form of free or reduced price tickets to UT football games; another United States District Judge, the Honorable Sam Sparks recused himself on the same basis in 2006 when a motion for recusal was presented in a separate case filed against UT and various officers or employees by a UT law professor Loftus Carson. Moreover, Judge Garcia has demonstrated partiality toward the Defendants in this case by 1) denying Plaintiff's Motion for Leave to File Amended Complaints and striking those complaints, and 2) denying Plaintiff's Motion for Leave to File SurReply to Defendants' dispositive motion and striking her SurReply.  Further, during a separate jury trial involving a suit against a University of Texas at San Antonio official filed by Dr. Phillip Stotter, Judge Garcia exhibited bias in favor of the University Defendant by

repeatedly opining during the trial that the "jury wasn't buying Dr. Stotter's claims" despite that the jury returned a unanimous verdict in favor of Dr. Stotter, and then in granting a rule 50 motion after the jury verdict.

4. Even if Judge Garcia asserts his impartiality toward the University Defendants in this case, "justice must satisfy the appearance of justice." See Levine v. United States, 362 U.S. 610 (1960). The right to a tribunal free of bias or partiality is guaranteed by the Due Process Clause of the United States Constitution. Considering the circumstances set forth herein, a reasonable person would question Judge Garcia's impartiality in this case.

5. WHEREFORE, premises considered Plaintiff moves to recuse Judge Garcia because of the appearance of impartiality based on his acceptance of gifts and his partial comments and adverse rulings in two separate cases filed against UT Defendants. Plaintiff prays for all other relief at law or in equity to which she may be entitled.

Respectfully submitted this the 17nd day of October, 2011.

**LAW OFFICE OF REGINA BACON CRISWELL**
Carriage Place
P.O. Box 1399
San Antonio, Texas 78023-1399
TELEPHONE: (210) 684-5714
FACSIMILE: (210) 251-2071

/S/ *Regina B. Criswell*
REGINA BACON CRISWELL
TBN: 01496580
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    This is to certify that on the 17th day of October, 2011, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to counsel of record:

    Lars Hagen
    Office of the Attorney General
    *Attorney for Defendants*

                      /S/ *Regina B. Criswell*
                      REGINA BACON CRISWELL