IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
OCT 26 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| KELLY JO SUTER, Ph.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:10-CV-692-OLG |
| | § | |
| THE UNIVERSITY OF TEXAS AT | § | |
| SAN ANTONIO, GEORGE PERRY, | § | |
| Ph.D., JAMES M. BOWER, Ph.D., | § | |
| MATTHEW J. GDOVIN, Ph.D., | § | |
| ROBERT W. GRACY, Ph.D., | § | |
| J. AARON CASSILL, Ph.D., and | § | |
| EDWIN J. BAREA-RODRIGUEZ, Ph.D., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

Before the Court are Plaintiff's Motion for Recusal, the Defendants' Response in Opposition, an affidavit by United States District Judge Orlando Garcia and a letter from the University of Texas System, Office of Governmental Relations.

This matter was referred to the Office of Chief Judge by United States District Judge Orlando Garcia. Plaintiff seeks recusal of Judge Garcia based on three allegations:

1. Judge Garcia received free tickets or discounted tickets for University of Texas at Austin football games.

2. Judge Garcia has made rulings against the Plaintiff in this case.

3. Judge Garcia set aside a jury verdict of $175,000 against the University of Texas at San Antonio in which Plaintiff's counsel in this case also represented Plaintiff in the case wherein Judge Garcia set aside the jury's verdict.

Addressing the last point first, Plaintiff in the jury case appealed to the Fifth Circuit Court of Appeals which affirmed Judge Garcia's ruling. *Stotter v. University of Texas at San Antonio*, 369 F. App'x 641, 643 (5th Cir. 2010).

As to the allegation in subparagraph 2 above, adverse rulings against Plaintiff in this or any other case may be appealed through appropriate appellate procedures. Recusal is not one of those procedures.

As to the football ticket allegation, Judge Garcia denies ever having received any free tickets and sets forth in his affidavit that he has purchased tickets for which he paid face value. This is confirmed by a letter from the Office of Governmental Relations of the University of Texas System first setting forth that free or discounted tickets are not available to any member of the judiciary and confirming what Judge Garcia said about having purchased tickets on two different occasions at face value. The affidavit and letter are attached hereto and incorporated herein so that the record is complete.

Plaintiff's Motion for Recusal is DENIED.

It is so ORDERED.

SIGNED this 26 day of October, 2011.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS,
# SAN ANTONIO DIVISION

### AFFIDAVIT

I, Orlando L. Garcia, United States District Judge for the Western District of Texas, affirm the following facts are true and are within my personal knowledge and belief:

In her Motion to Recuse, Plaintiff's counsel raises three separate grounds upon which she believes recusal is necessary. She contends that: 1) I received a gift or gifts from the University of Texas in the form of free or reduced price tickets to University of Texas at Austin football games; 2) I have made adverse rulings against the Plaintiff during the pendency of this case; and 3) in a prior case, I set aside a jury verdict in favor of her client pursuant to a FED. R. CIV. P. 50 motion for judgment as a matter of law.

First, as the attached letter from the Vice Chancellor and Chief Governmental Relations Officer will confirm, members of the judiciary are not given free or discounted tickets, but rather, are given only the opportunity to purchase tickets at face value. Since my appointment as a United States District Judge in 1994, I have not received any tickets from the University that I did not pay for at face value. In 2004, more than seven years ago, and long before the filing of this case, I purchased 2 tickets each for two separate University of Texas at Austin football games for which I paid a total of $220. As a judge, I have not purchased or received any other tickets by or through the University whatsoever, nor have I ever personally used any such tickets. I do, however, occasionally share and purchase tickets from a private, non-university-affiliated season ticketholder. Additionally, I have no knowledge of the basis on which Judge Sam Sparks may have recused himself from a case wherein a UT law professor sued the University, as Plaintiff's counsel argues, and regardless, I believe it to be irrelevant.

Second, I have made adverse rulings against the Plaintiff in this case, but each such ruling was based on the facts and law contained in the Orders of the Court and was supported by the law applicable in the United States District Court for the Western District of Texas. These adverse rulings were not based on any bias against the Plaintiff or her counsel, or in favor of the University. Additionally, I have ruled favorably for the Plaintiff over the pendency of the case in orders in docket numbers 24, 28, 35, 38, 61, 66, and 70.

Third, in 2009, I did set aside a jury verdict of $175,000 against the University of Texas at San Antonio in a case in which Plaintiff's counsel represented a chemistry professor at UTSA. Just as in this case, the ruling in that case was based on the law and facts of that case, and not on bias towards the University or against Plaintiff's counsel. The Fifth Circuit Court of Appeals upheld that ruling, noting that the "JMOL motion satisfies us that it was providently granted." See Stotter v. UTSA, 369 F.App'x 641, 643 (5th Cir. 2010).

In the interest of full disclosure, though not-addressed by Plaintiff's counsel in her motion, over the last several years, I have made contributions totaling no more than $700 to the

UTSA Gregory Luna Scholarship Fund named for the late Bexar County Senator. I have had no other formal or informal contact with the San Antonio institution.

*[signature]*
UNITED STATES DISTRICT JUDGE
ORLANDO L. GARCIA

STATE OF TEXAS         *
                       *
COUNTY OF BEXAR        *

BEFORE ME, a Notary Public, on this day personally appeared <u>Orlando L. Garcia</u>, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

GIVEN under my hand and seal of office this 25th day of October, 2011.

*[signature]*
NOTARY PUBLIC, STATE OF TEXAS

MY COMMISSION EXPIRES:

CHRISTINE A. LOPEZ
MY COMMISSION EXPIRES
September 24, 2013



# The University of Texas System
Nine Universities. Six Health Institutions. Unlimited Possibilities.

Office of Governmental Relations
210 West 6th Street, Austin, TX 78701-2982
Phone: (512) 499-4255, Fax: (512) 499-4259

The University of Texas at Arlington
The University of Texas at Austin
The University of Texas at Brownsville
The University of Texas at Dallas
The University of Texas at El Paso
The University of Texas - Pan American
The University of Texas of the Permian Basin
The University of Texas at San Antonio
The University of Texas at Tyler

The University of Texas Southwestern Medical Center at Dallas
The University of Texas Medical Branch at Galveston
The University of Texas Health Science Center at Houston
The University of Texas Health Science Center at San Antonio
The University of Texas M. D. Anderson Cancer Center
The University of Texas Health Science Center at Tyler

www.utsystem.edu

October 24, 2011

The Honorable Orlando Garcia
United States District Court
655 East Durango Blvd
San Antonio, Texas 78206

Dear Judge Garcia:

Thank you for calling on us for questions about our current and past practices related to tickets for Texas Longhorn Football. We take great pride in providing access to as many constituencies as possible to events on campus, including Texas Longhorn football.

You asked about our past and current practices related to access to football tickets by members of the judiciary. It has been and continues to be our practice to provide the opportunity for members of the judiciary to purchase available tickets at face value, with no discount given on the ticket price. It should be noted that the ticket distribution process was transferred from The University of Texas System (UT System) to The University of Texas at Austin (UT Austin) for the 2010 football season, but the policies and practices related to members of the judiciary have not changed.

You also asked about our practice as it relates to your personal access to tickets from UT System or UT Austin. Our records reflect that you purchased tickets through UT System on two occasions, those being:

1. Two tickets purchased for a total of $110 to the Texas vs. Missouri game in October 2004; and
2. Two tickets purchased for a total of $110 to the Texas vs. Oklahoma State game in November 2004.

The Honorable Orlando Garcia
October 24, 2011
Page 2

Again, thank you for reaching out to us to address your questions on Texas Longhorn football ticket purchases. Please do let me know if you have any questions or need additional information.

Respectfully,

Barry R. McBee
Vice Chancellor and Chief Governmental Relations Officer